467 A.2d 1174

**COMMONWEALTH of Pennsylvania**

v.

**Michael WALL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 26, 1983.

Filed Nov. 18, 1983.

Eric L. Lilian, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

PER CURIAM:

After a non-jury trial, appellant Michael Walls was found guilty of aggravated assault, possession of an instrument of crime, violation of the Uniform Firearms Act, recklessly endangering another person, theft and unauthorized use of an automobile. His post-verdict motions were denied.

On December 21, 1981, appellant was sentenced. At some unspecified time, appellant filed a motion to modify his sentence.[1] On January 4, 1982, the lower court vacated the judgment of sentence pending its consideration of the motion. Appellant filed a notice of appeal from the original judgment of sentence on January 20, 1982. One day later, on January 21, 1982, the lower court granted appellant's motion and modified the original judgment of sentence; thereby vacating the judgment of sentence now on appeal.

The judgment now on appeal having been vacated is a nullity. This appeal is therefore quashed without prejudice

---

1. Because the record does not indicate when the motion was filed and the lower court heard it, we will assume that it was filed within ten days after imposition of sentence. Pa.R.Crim.P. 1410. *See Commonwealth v. Koziel,* 289 Pa.Super. 22, 432 A.2d 1031 (1981) (the purpose of Rule 1410 is to permit the sentencing court the first opportunity to modify its sentence).

to appellant's right to file an appeal nunc pro tunc from the judgment of sentence of January 21, 1982.