488 A.2d 34

COMMONWEALTH of Pennsylvania

v.

William Charles RAINEY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 19, 1984.

Filed Feb. 8, 1985.

Charles D. Daugherty, Carlisle, for appellant.

Theodore B. Smith, III, Carlisle, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WIEAND, Judge:

William C. Rainey was convicted by a jury of having weapons or implements of escape in his possession while an inmate at the State Correctional Institution at Camp Hill.[1] He was sentenced to serve a consecutive sentence of imprisonment for not less than three nor more than twenty-six months. Both Rainey and the Commonwealth filed petitions requesting the court to reconsider the sentence. Upon doing so, the court determined that it had deviated from the sentencing guidelines without good cause.[2] Therefore, the

---

1. This is made a misdemeanor by the provisions of 18 Pa.C.S. § 5122.
2. Possession of weapons or implements for escape is a misdemeanor of the first degree. 18 Pa.C.S. § 5122(a)(2). Appellant had previously

court imposed an increased prison sentence of not less than six nor more than thirty months.[3] On appeal, Rainey argues that the increased sentence violated principles of double jeopardy. We disagree and, accordingly, affirm the judgment of sentence.

In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court of the United States considered a double jeopardy argument directed against provisions of the Dangerous Special Offenders Act, 18 U.S.C. § 3575 et seq., which permitted government appeals from sentences deemed too lenient. The Court held that the "Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents [review and] later increase." [4] *Id.* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346. In so doing, the Court rejected contrary language in *Ex Parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874) and *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), to the effect that double jeopardy principles precluded a subsequent increase in a sentence already imposed.

■ Pa.R.Crim.P. 1410 makes provision for the Commonwealth to file a post-sentencing motion to modify a sentence. The allowance by the court of a modification petition filed by the Commonwealth is not proscribed by double jeopardy principles. *Commonwealth v. Anderson,* 304 Pa. Super. 476, 482, 450 A.2d 1011, 1014 (1982). "[N]o sentence," said the Court in *Anderson,* "is final until the right of appellate review has been exhausted or waived." *Id.* Thus, double jeopardy principles do not prevent a sentenc-

been convicted of murder of the second degree and at least one other felony, which gave him a prior record score of six (6). 204 Pa.Code § 303.7. Under these circumstances, the guidelines recommended a minimum range of 21 to 30 months and a mitigated minimum range of 16 to 21 months. 204 Pa.Code § 303.9(b).

3. The increased sentence still is lower than the minimum mitigated range suggested in the guidelines.

4. The double jeopardy clause of the Fifth Amendment is applicable to the states by virtue of the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

ing court from correcting, modifying, or increasing a sentence which the same court previously imposed. See: *Commonwealth v. Adams*, 333 Pa.Super. 312, 482 A.2d 583 (1984).

In *Commonwealth v. Bossche*, 324 Pa.Super. 1, 471 A.2d 93 (1984), the defendant had entered pleas of guilty to charges of theft by deception and writing bad checks. He affirmatively represented to the court that the offenses to which he was pleading constituted first convictions. The trial court, therefore, imposed a sentence of probation. Later the same day, the Commonwealth filed a petition to reconsider the sentence and, during a hearing on the following day, established that defendant had previously entered three separate guilty pleas to similar charges. The trial court then modified the sentence and imposed a sentence of imprisonment for not less than one nor more than two years. On direct appeal, this Court held that the increased sentence did not violate the defendant's double jeopardy rights. "[T]he prohibition against multiple punishment ... is inapplicable when the sentencing guideline is explicit and any sentence imposed thereunder is specifically subject to prosecutorial appeal." *Id.*, 324 Pa.Superior Ct. at 6, 471 A.2d at 95, quoting *Commonwealth v. Love*, 295 Pa.Super. 276, 284–285, 441 A.2d 1230, 1234 (1982)[5] (Hoffman, J., concurring).

■ In Pennsylvania, the Sentencing Code, at 42 Pa.C.S. § 9781(a) and (b), specifically provides for a prosecution appeal from an inappropriate sentence. Pa.R.Crim.P. 1410 requires, however, that the sentencing court must first be given an opportunity to reconsider any sentence which the prosecution alleges to be inappropriate. An inappropriate sentence may be modified thereafter without offending constitutional principles of double jeopardy.

The judgment of sentence is affirmed.

**5.** Overruled on other grounds by *Commonwealth v. Anderson, supra.*