504 A.2d 886

**COMMONWEALTH of Pennsylvania**

v.

**Jimmy GONZALES, Appellant.**

Superior Court of Pennsylvania.

Argued March 4, 1985.

Filed Feb. 3, 1986.

374

Jeremy Ross, Philadelphia, for appellant.

Rona S. Totoki, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, WICKERSHAM and ANDERSON, JJ.*

WICKERSHAM, Judge:

Jimmy Gonzales appeals from the judgment of sentence imposed on his conviction for third degree murder while in visible possession of a firearm.

On March 17, 1983, appellant was convicted of third degree murder and possessing an instrument of crime in a waiver trial before the Honorable Juanita Kidd Stout. On September 29, 1983, the trial court sentenced defendant to imprisonment for three (3) to twelve (12) years under the mitigated sentencing guideline range for the third degree murder conviction. The court also sentenced appellant to serve a concurrent term of two and a half (2½) to five (5) years for the possession charge.[1]

On October 7, 1983, the trial court *sua sponte* reconvened to vacate its sentence of September 29 on the murder charge.[2] The court then resentenced appellant to five (5) to

* Judge Levy Anderson, Senior Judge, of the Court of Common Pleas of Philadelphia County is sitting by designation.

1. That sentence is not at issue in this action.

2. 42 Pa.C.S.A. § 5505 provides: "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." The trial court here acted within 30 days and prior to the expiration of the 10 day

twelve (12) years' incarceration pursuant to the Mandatory Minimum Sentencing Act, 42 Pa.C.S.A. § 9712.[3] Some five months prior to conviction the Commonwealth had served appellant's counsel with notice, pursuant to section 9712(b), of its intention to proceed under the Act.[4]

> time period during which the Commonwealth could petition for modification pursuant to Pa.R.Crim.P. 1410.

3. 42 Pa.C.S. § 9712 provides that a minimum sentence must be imposed for certain offenses including that of murder of the third degree, while the actor visibly possessed a firearm. The statute reads in pertinent part:

> **§ 9712. Sentences for offenses committed with firearms**
>
> (a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.
>
> (b) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
>
> (c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission of Sentencing shall not supersede the mandatory sentences provided in this section.
>
> (d) **Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

4. *See* Brief for Appellant at 10 n. 3.

■ In the instant appeal, Gonzales presents the following three issues:[5]

I. Was appellant's state and federal right to be free from double jeopardy violated when, after he had originally been sentenced and had begun to serve that sentence, he was subjected to a second sentencing proceeding at which his original sentence was increased?

II. Is section 9712 of the Sentencing Code, under which appellant was resentenced, unconstitutional in that (A) it alters the burden of proof as to an element of the crime charged and (B) it constitutes an impermissible delegation of legislative power to the executive?

III. Was section 9712 of the Sentencing Code erroneously applied to appellant?

Brief for Appellant at 3.

Appellant first asserts that by resentencing him to a term of imprisonment where the minimum was increased after he began serving the court's initial sentence, the trial court violated his double jeopardy rights.[6] After careful consideration of the record, we conclude that no such abuse has occurred.

It has long been recognized that the constitutional guarantee barring double jeopardy protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d

---

**5.** Although appellant did not raise these issues at sentencing or in a motion to modify sentence, his claims go to the legality of his sentence and therefore cannot be waived. *Commonwealth v. Norris*, 498 Pa. 308, 319 n. 9, 446 A.2d 246, 251 n. 9 (1982); *Commonwealth v. Cooke*, 342 Pa.Super. 58, 68 n. 1, 492 A.2d 63, 69 n. 1 (1985).

**6.** In *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the double jeopardy clause of the fifth amendment to the United States Constitution was applied to the states through the fourteenth amendment. Article I, § 10 of the Pennsylvania Constitution provides co-extensive protection. *See Commonwealth v. Zoller*, 507 Pa. 344, 348 n. 1, 490 A.2d 394, 396 n. 1 (1985); *Commonwealth v. Klobuchir*, 486 Pa. 241, 254 n. 12, 405 A.2d 881, 887–88 n. 12 (1979). We therefore address appellant's rights under the state and federal constitutions together in the following discussion.

232 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Ex parte Lange*, 85 U.S. (18 Wall) 163, 21 L.Ed 872 (1874); *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985); *Commonwealth v. Bostic*, 500 Pa. 345, 456 A.2d 1320 (1983); *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981); *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981); *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980); *Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978).

The question is whether and to what extent the United States Supreme Court's decision in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) has eroded the general rule.[7] In *DiFrancesco*, the Supreme Court, upholding a statute which gave the government a right to appeal certain sentencing decisions,[8] rejected a broad interpretation of the Double Jeopardy Clause. Several courts of appeal have since followed the lead of *DiFrancesco*. *See, e.g., United States v. Sales*, 725 F.2d 458 (8th Cir.1984); *United States v. Raimondo*, 721 F.2d

---

**7.** We note that the Pennsylvania Supreme Court case of *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985) was reversed and remanded for reconsideration in light of DiFrancesco by the United States Supreme Court in *Pennsylvania v. Goldhammer*, 474 U.S. ——, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985) (per curiam).

**8.** 18 U.S.C. § 3576, as it read at the time of the DiFrancesco opinion, stated in pertinent part:

[A] review of the sentence on the record of the sentencing court may be taken by the defendant or the United States to a court of appeals.... Review of the sentence shall include review of whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused. The court of appeals on review of the sentence may, after considering the record, including the entire presentence report, information submitted during the trial of such felony and the sentencing hearing, and the findings and reasons of the sentencing court, affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could originally have imposed, or remand for further sentencing proceedings and imposition of sentence, except that a sentence may be made more severe only on review of the sentence taken by the United States and after hearing.

Pub.L. 98-473, Title II, c. II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1987, repealed this section effective Nov. 1, 1986.

476 (4th Cir.1983); *United States v. Jefferson*, 714 F.2d 689 (7th Cir.1983); *United States v. Lopez*, 706 F.2d 108 (2d Cir.1983); *McClain v. United States*, 676 F.2d 915 (2d Cir.), *cert. denied*, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic*, 639 F.2d 940 (3d Cir.1981), *on remand from* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). *DiFrancesco* has also been followed by this Court. *See, e.g., Commonwealth v. Broadie*, 339 Pa. Super. 394, 489 A.2d 218 (1985); *Commonwealth v. Rainey*, 338 Pa.Super. 560, 488 A.2d 34 (1985); *Commonwealth v. Anderson*, 304 Pa.Super. 476, 450 A.2d 1011 (1982).

*DiFrancesco* advances two basic tenets. First, the Double Jeopardy Clause bars multiple punishment, *i.e.* punishment in excess of that permitted by law. *United States v. DiFrancesco, supra* 449 U.S. at 139, 101 S.Ct. at 438, 66 L.Ed.2d at 347. Second, that clause respects the defendant's "legitimate expectations" regarding the length of his sentence. *Id.* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346.

Addressing the first principle, the Court noted the federal court practice, derived from common law, of permitting the sentencing judge to recall the defendant to increase the sentence "at least (and we venture no comment as to this limitation) so long as he has not yet begun to serve that sentence." *Id.* at 134, 101 S.Ct. at 435–36, 66 L.Ed.2d at 344.

While we know from this language that a defendant's sentence may be increased "at least" before he begins to serve that sentence, *see id.*, here we find that appellant Gonzales *had* begun to serve his sentence. Since the court in *DiFrancesco* however, "venture[d] no comment as to [the pre-service] limitation," derived from common law, it is at first unclear whether appellant's sentence was properly enhanced on resentencing.

Returning to *DiFrancesco* for further guidance, we observe the Court's discussion of the often cited dictum re-

garding resentencing in *United States v. Benz*, 282 U.S. 304, 307–08, 51 S.Ct. 113, 114, 75 L.Ed. 354, 356–57 (1931), which in turn relied on *Ex parte Lange, supra*. Many lower courts since *Benz* had construed the language of *Benz* to flatly preclude sentence enhancement once service begins. The Supreme Court, in *DiFrancesco* clarified that: "[T]he dictum's source, *Ex parte Lange*, states no such principle. . . . No double jeopardy problem would have been presented in *Ex parte Lange* if Congress had provided that the offense there was punishable by both fine and imprisonment even though that is multiple punishment" *United States v. DiFrancesco, supra*, 449 U.S. at 138–39, 101 S.Ct. at 438, 66 L.Ed.2d at 347. *Lange* therefore, enunciated a rule no broader than that "a defendant may not receive a greater sentence than the legislature has authorized." *Id.* at 139, 101 S.Ct. at 438, 66 L.Ed.2d at 347. Because the government had a statutory right of appeal, the Court in *DiFrancesco* remanded the case for reconsideration and possible enhancement of sentence notwithstanding the fact that the defendant had begun serving the ten year sentence originally imposed. *Id.* at 151 n. 12, 101 S.Ct. at 444 n. 12, 66 L.Ed.2d at 355 n. 12 (Brennan, J., dissenting). Similarly, we find the fact that appellant had begun to serve his sentence in this case does not impinge on his right to be protected from double jeopardy since unlike the *Lange* defendant, who paid a fine and thereby completed punishment under a valid sentence, appellant had not fully satisfied his sentence. *See United States v. Busic, supra*.

Concerning the second principle of a defendant's expectations protected by the Double Jeopardy Clause, the Supreme Court looked to the considerations underlying that clause and found them inapplicable to the statutorily granted right to review a sentence in that case. *United States v. DiFrancesco, supra* at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 345. It further found that the Double Jeopardy Clause did not provide a defendant with the right to perceive the length of his sentence as finally determined at the time he

begins to serve it where the legislature has specified that the sentence is subject to appeal. *Id.* at 139–40, 101 S.Ct. at 438–39, 66 L.Ed.2d at 347–48. *See United States v. Busic, supra.*

■ We find that the principles set forth in *DiFrancesco* apply here and so reject appellant's double jeopardy claim.[9] Appellant was not "punished in excess of that permitted by law" when he was sentenced correctly for the first time in compliance with section 9712 on October 7, 1983. Nor did appellant have a legitimate expectation of receiving his initial sentence for three reasons: the first of these being the general lack of finality accorded to sentences; the second being the statutory right afforded the sentencing judge to modify a sentence within thirty days of imposition; and finally, appellant's awareness that the Mandatory Minimum Sentencing Act and its relevant appeal provisions could be applied in this case. "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *United States v. DiFrancesco, supra* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346.

As the Supreme Court concluded in *DiFrancesco, quoting Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947): "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *United States v. DiFrancesco, supra* 449 U.S. at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 344.

Appellant next claims that section 9712 of the Sentencing Code is unconstitutional because it first, creates a new crime of visibly possessing a firearm during the commission of other offenses, and second, delegates legislative power to the prosecutor.

9. *See Commonwealth v. Rainey,* 338 Pa.Super. 560, 488 A.2d 34 (1985) (applying *DiFrancesco* where sentence increased upon petitions for modification).

■ The Supreme Court of this Commonwealth has recently upheld the constitutionality of section 9712, however, specifically rejecting the same issues raised by appellant. *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985).[10] *See Commonwealth v. Anderson,* 345 Pa.Super. 407, 498 A.2d 887 (1985); *Commonwealth v. Bannister,* 345 Pa.Super. 178, 497 A.2d 1362 (1985). Finding *Wright* to be dispositive of appellant's constitutional issues, we believe that further discussion here would be only superfluous.

■ In his final argument, appellant contends that the sentencing court erred in holding the evidence sufficient to find that appellant "visibly possessed a firearm during the commission of the offense", within the meaning of 42 Pa.C.S. § 9712, because the only witness to the shooting never saw appellant's gun.

The facts of this case are closely analogous to those in *Commonwealth v. Woodlyn,* 345 Pa.Super. 200, 497 A.2d 1374 (1985), which concerned section 9712 in the context of an aggravated assault. Citing *Commonwealth v. Healey,* 343 Pa.Super. 323, 494 A.2d 869 (1985) (construing the meaning of the statutory language "visibly possessed a firearm"), our court held that possession was manifested in the process of the crime: by smoke, the sound of gunfire and a gunshot wound, although the victim and sole witness never actually saw the gun. *See Commonwealth v. Woodlyn, supra* 345 Pa.Super. at 202, 497 A.2d at 1375. We therefore find appellant's argument to be meritless.

Accordingly, the judgment of sentence is affirmed.

10. We note that in the companion cases to *Commonwealth v. Wright, supra, e.g., Commonwealth v. McMillan,* No. 28 Ed., Appeal Dkt. 1984, *Commonwealth v. Peterson,* No. 62 Ed., Appeal Dkt. 1984, *Commonwealth v. Dennison,* No. 106 Ed., Appeal Dkt. 1984, and *Commonwealth v. Smalls,* No. 106 Ed., Appeal Dkt. 1984, the Supreme Court of Pennsylvania remanded for resentencing in accordance with the Mandatory Minimum Sentencing Act without consideration of whether the defendants had begun service of their sentences.