521 A.2d 950

**COMMONWEALTH of Pennsylvania**

v.

**James GRISPINO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 12, 1986.

Filed Feb. 24, 1987.

Ruth R. Shafer, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for Com., appellee.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for robbery and burglary. Appellant contends that the increase in his sentence on the robbery count, after the trial court vacated his sentences on the counts of aggravated assault, recklessly endangering another person, and theft by unlawful taking, violates the prohibition against double jeopardy. We disagree and affirm the judgment of sentence for robbery and burglary.

On August 14, 1984, appellant was arrested and charged with various offenses in connection with the August 11, 1984 beating and robbery of an eighty-year-old man. Fol-

lowing a January 23–24, 1985 jury trial, appellant was found guilty of robbery, 18 Pa.C.S.A. § 3701(a)(1)(i), burglary, *id.* § 3502, aggravated assault, *id.* § 2702(a)(1), recklessly endangering another person, *id.* § 2705, and theft by unlawful taking, *id.* § 3921. Appellant filed no post-verdict motions. On April 22, 1985, appellant was sentenced to the following consecutive terms of imprisonment: 48–to–96 months for robbery, 17–to–34 months for burglary, 17–to–34 months for aggravated assault, 6–to–12 months for recklessly endangering another person, and 6–to–12 months for theft by unlawful taking. Appellant received a total sentence of 94–to–188 months.

Both appellant and the Commonwealth filed motions to modify sentence.[1] Both parties alleged that the aggravated assault, recklessly endangering another person, and theft by unlawful taking offenses merged with the robbery offense. The Commonwealth contended, in addition, that appellant should have been sentenced within the aggravated range of the sentencing guidelines, 204 Pa.Code §§ 303.-1–.9, *reprinted following* 42 Pa.C.S.A. § 9721 (Purdon 1982 & Supp.1986), for the burglary and robbery offenses because of aggravating factors including the brutal nature of the crime. *See* Commonwealth's Motion for Modification of Sentence at 2.

At the May 17, 1985 hearing on the motions, the trial court stated that it had erred in imposing sentence for the crimes of aggravated assault, recklessly endangering another person, and theft and vacated its sentence of April 22. *See* N.T. May 17, 1985 at 3–4, 13. The court then resentenced appellant on the remaining charges to consecutive terms of imprisonment as follows: 72–to–144 months for

---

1. The docket lists these motions as having been filed on May 6, 1985, beyond the ten-day period in which such motions must be filed. *See* Pa.R.Crim.P. 1410. Because the trial court heard argument on both motions, however, we will assume that the court considered them as having been filed timely. *Cf. Commonwealth v. Wall,* 321 Pa.Superior Ct. 152, 153 n. 1, 467 A.2d 1174, 1175 n. 1 (1983) (where the record does not indicate when the motion to modify was filed and the trial court heard it, Court assumed that it was filed within ten days after imposition of sentence).

robbery and 12–to–24 months for burglary,[2] for a total sentence of 84–to–168 months. Appellant then filed a motion to modify sentence alleging, *inter alia*, that the increase in sentence on the robbery charge constituted double jeopardy. The trial court denied the motion, and this appeal followed.

Appellant contends that the trial court's increase of his robbery sentence is a violation of double jeopardy. We disagree. This Commonwealth's double jeopardy provision, Pa. Const. art. I, § 10, provides protection against multiple punishments coextensive with its federal counterpart, U.S. Const. amend. V. *Commonwealth v. Williams*, 344 Pa.Superior Ct. 108, 116, 496 A.2d 31, 36 (1985) (en banc). In *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the United States Supreme Court held that a federal statute permitting the government to seek an increased sentence on appeal, does not violate the principles of double jeopardy. *Id.* at 140, 101 S.Ct. at 439.

In this state, the Commonwealth is permitted by statute to appeal from the "discretionary" aspects of a sentence, *see* 42 Pa.C.S.A. § 9781(b), but such appeals are granted at this Court's discretion and not as of right. *Id.; Common-*

2. At the original sentencing hearing, the trial court stated that it was sentencing appellant within the "standard," that is, minimum, range of the sentencing guidelines. *See* N.T. April 22, 1985 at 55–56. The court's minimum sentence of 17 months on the burglary count, however, was outside the minimum range of 8–to–12 months for a defendant with an offense gravity score of seven ("Burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present") and a prior record score of zero. As appellant pointed out in his motion to modify sentence, when a court imposes consecutive sentences for offenses arising out of the same transaction, the prior record score is computed for the offense with the highest offense gravity score, and, for the remaining offenses, the prior record score is zero. *See* 204 Pa.Code § 303.6(a). Here, the robbery offense (inflicts severe bodily injury) had the highest offense gravity score (nine). Accordingly, appellant's prior record score of two could be used only in computing appellant's sentence for that charge. The trial court apparently also used it in computing appellant's sentence on the burglary charge because the original minimum sentence of 17 months was within the minimum range for a defendant with an offense gravity score of seven and a prior record score of two. Although the court did not explicitly so state, it evidently agreed with appellant and reduced the burglary sentence accordingly.

*wealth v. Easterling,* 353 Pa.Superior Ct. 84, 89, 509 A.2d 345, 347 (1986). These Commonwealth appeals are limited to certain defined instances. "[I]f a brief review of the record convinces [this Court] that one of the ... three circumstances [as defined in 42 Pa.C.S.A. § 9781(c) ] is before us, then there is a substantial question that the sentence imposed is inappropriate and our appellate review is justified." *Commonwealth v. Easterling, supra,* 353 Pa.Superior Ct. at 89, 509 A.2d at 347 (footnote omitted). Under § 9781(c), we can vacate a judgment of sentence and remand for resentencing if we find that:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S.A. § 9781(c).

A sentence challenged by the Commonwealth pursuant to 42 Pa.C.S.A. § 9781 may be increased by the appellate court without offending double jeopardy principles. *See Commonwealth v. Drumgoole,* 341 Pa.Superior Ct. 468, 477 n. 2, 491 A.2d 1352, 1356 n. 2 (1985); *Commonwealth v. Rainey,* 338 Pa.Superior Ct. 560, 562–63, 488 A.2d 34, 36 (1985); *Commonwealth v. Anderson,* 304 Pa.Superior Ct. 476, 481–82, 450 A.2d 1011, 1014 (1982). A sentencing court also may increase a sentence without violating the protection from double jeopardy when ruling on a motion to modify sentence. *Commonwealth v. Rainey, supra* 338 Pa.Superior Ct. at 563, 488 A.2d at 36. Under Pa.R.Crim.P. 1410, the Commonwealth *must,* in order to preserve its right to appeal the discretionary aspects of a sentence, file a motion to modify sentence in which it presents its argument

to the sentencing court. *Commonwealth v. Anderson, supra* 304 Pa.Superior Ct. at 482, 450 A.2d at 1014.

■ Here, both appellant and the Commonwealth filed motions to modify appellant's sentence. The Commonwealth contended that appellant's sentences for burglary and robbery should have been within the aggravated ranges of the sentencing guidelines in light of certain aggravating factors. Appellant challenged the sentence for burglary on the ground that his sentence was outside of the minimum range although the court had stated at sentencing that all sentences were within the minimum ranges. *See supra* note 2. He also contended that three of the charges should have merged for sentencing purposes. The trial court, in ruling on both parties' motions, decreased the sentence for burglary to a sentence within the minimum range, vacated sentences on the charges that merged, and increased the sentence for robbery from 48–to–96 months to a sentence of 72–to–144 months, a sentence within the aggravated range.[3]

Because the Commonwealth challenged a discretionary aspect of appellant's robbery sentence, that is, that he should have been sentenced in the aggravated rather than minimum range, the lower court would not have violated the double jeopardy clause by increasing appellant's sentence on that ground. *See Commonwealth v. Rainey, supra.* This case is distinguishable from *Rainey*, however, because here, the lower court increased appellant's sentence for robbery in order to maintain a sentence close to appellant's original overall sentence. Order, May 17, 1985. The lower court explained that it had determined that a lengthy period of incarceration was warranted in appellant's case, and that, after the sentences on three counts had been vacated, the aggregate sentence was shorter than the sentence that the court had intended to impose. Lower Court

---

**3.** The minimum range for a defendant with an offense gravity score of nine and a prior record score of two is 48–to–72 months. 204 Pa.Code § 303.9. The aggravated range is 72–to–90 months. Sentences at the boundary of the minimum range and the aggravated range are presumed to be in the aggravated range unless the sentencing court explicitly states otherwise. *Commonwealth v. Hoover,* 342 Pa.Superior Ct. 163, 165–66, 492 A.2d 443, 444 (1985).

Opinion at 3–4.[4] Thus, we must determine whether the lower court properly increased appellant's sentence even though the increase was not in response to the Commonwealth's challenge to the discretionary aspects of the sentence and was, instead, effected solely to maintain the original sentence. Our Supreme Court's recent decision in *Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), compels us to conclude that the lower court acted properly in increasing appellant's sentence.

In *Goldhammer*, the defendant had received two consecutive sentences of one-to-five-years each on a theft charge and a forgery charge. The defendant received suspended sentences on a number of other charges. After the defendant filed a motion to modify his sentence, the court modified his sentence for theft to two-to-five-years, and reduced his sentence for forgery to a concurrent term of five-years probation. The defendant appealed his convictions to this Court. We held that thirty-four of his convictions were barred by the statute of limitations and reversed the judgments of sentence on those charges. All other judgments of sentence were affirmed. *Commonwealth v. Goldhammer*, 322 Pa.Superior Ct. 242, 469 A.2d 601 (1983). The only charge for which appellant had originally received a jail sentence was among those convictions that were reversed. The Commonwealth filed a petition for reargument in this Court asking us to remand the case to the trial court for resentencing in light of the reversed convictions. We denied the petition and our Supreme Court affirmed on the grounds that the double jeopardy clause barred resentencing under the circumstances. *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307, *rev'd sub nom Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985).

The Commonwealth appealed the case to the United States Supreme Court, however, and on remand our Supreme Court reversed its position and held that a remand

---

**4.** In addition, the court decreased the sentence on the burglary charge, thus apparently rejecting the Commonwealth's contention that he should have been sentenced within the aggravated range.

for resentencing was proper. The Court held that when a defendant appeals a judgment of sentence, he or she accepts the risk that the Commonwealth may seek a remand for resentencing if the decision in the lower court upsets the original sentencing scheme. *Commonwealth v. Goldhammer, supra,* 512 Pa. at 592, 517 A.2d at 1283. In addition, in *Commonwealth v. Ford,* 315 Pa.Superior Ct. 281, 300–01, 461 A.2d 1281, 1291 (1983), this Court, quoting the United States Court of Appeals for the Third Circuit, stated that:

> [W]hen a defendant has been convicted after trial and sentenced under a multicount indictment and on appeal his conviction and sentence as to certain counts is set aside because such counts enhanced the sentence for the predicate felony which contained its own enhancement provision, the constitutional guarantee against double jeopardy does not preclude vacating the sentence on the predicate felony counts and the imposition of a new sentence by the trial judge on the remaining counts, which may be greater than, less than, or the same as the original sentence.

*Id.* (quoting *United States v. Busic,* 639 F.2d 940, 953 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981)).

Here, both appellant and the Commonwealth filed motions to modify the sentence. The court agreed with appellant that three of the charges merged. The court vacated the entire sentence and resentenced on only the burglary and robbery charges. The sentence on the robbery charge was increased from the original sentence on that charge, yet the aggregate sentence after resentencing was lower than the original aggregate sentence. Under the reasoning expressed in *Goldhammer* and *Ford* then, it is not relevant that the lower court's increase in appellant's sentence was not in response to the Commonwealth's petition to sentence him within the aggravated range because the court was not precluded from resentencing him to conform the overall sentence to that originally intended.

Accordingly, we are compelled to conclude that the lower court did not violate double jeopardy principles by increasing appellant's sentence, and we affirm the judgment of sentence.

Affirmed.