J. A34012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA

              v.            :
                                 :

KWAME LAMAR BARNES,       :        No. 947 MDA 2014
                                 :

           Appellant    :

Appeal from the Judgment of Sentence, January 30, 2014,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0000426-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MARCH 16, 2016**

      Kwame Lamar Barnes appeals from the judgment of sentence imposed following his convictions of criminal attempt-homicide, aggravated assault, kidnapping, and recklessly endangering another person.[1]  We vacate and remand for resentencing.

      We assume the parties' familiarity with the facts of the case.  Briefly, the charges stem from an incident where Barnes choked the victim to unconsciousness.

      On May 18, 2012, Barnes was sentenced to a term of 20 to 40 years' imprisonment for his conviction of attempted homicide, a consecutive term of 2½ to 5 years for aggravated assault, and a consecutive term of 2½ to

---

[1] The jury found Barnes not guilty of terroristic threats.

J. A34012/14

5 years for kidnapping. Following a direct appeal, a panel of this court vacated judgment of sentence and remanded for resentencing, finding that the conviction of aggravated assault should have merged with the attempted homicide conviction since the crimes arose from a single set of facts. ***Commonwealth v. Barnes***, No. 691 MDA 2013, unpublished memorandum (Pa.Super. filed December 3, 2013).

Thereafter, on January 30, 2014, Barnes was re-sentenced to the following: 20 to 40 years' for criminal attempt homicide and a consecutive sentence of 5 to 10 years' for kidnapping. On February 5, 2014, Barnes filed a post-trial motion. On May 12, 2014, the trial court denied the motion. On June 4, 2014, Barnes filed a notice of appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

The following issues have been presented for our review:

[1.] ***Apprendi* doctrine**. The United States Constitution mandates that juries should decide all facts that increase a crime's statutory maximum sentence. Here, a jury convicted Barnes of attempted murder, generally—a 20 year maximum sentence. If the trial court submits the crime of attempted murder resulting in serious bodily injury to the jury, the maximum sentence increases to 40 years. But Barnes court didn't submit this element. Is Barnes' legal attempted murder maximum sentence 20 years?

> [2.] **Substantial questions**. To appeal the discretionary aspects of a sentence, an appellant must present a "substantial question" why the sentencing court's actions are inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. This sentencing court: (1) increased a crime's sentence where the only changed fact was the exercise of appellate rights; and (2) failed to provide reasons for its new sentence on the record. Does Barnes[] raise substantial questions?
>
> [3.] **Judicial Vindictiveness**. A presumption of vindictiveness arises where a sentencing court imposes a more severe sentence absent objective evidence justifying an increased sentence. This trial court doubled Barnes' kidnapping sentence at his resentencing. It based the increased sentence on the same facts and information as at the time of the original sentence. Is Barnes' new kidnapping sentence void?
>
> [4.] **Record reasons for an imposed sentence**. On resentencing, following remand, the court shall make as a part of the record, and disclose in open court at the time of sentence, a statement of reason or reasons for the imposed sentence. In Barnes' five-minute resentencing this record does not make such a statement. Should this Court vacate Barnes' current sentence and resentence him to provide a reasoned statement?

Barnes' brief at 8-9.

The first issue presented concerns the sentence imposed for the conviction of criminal attempt homicide and involves the application of Section 1102 of the Crimes Code, and in particular, the "serious bodily injury" requirement. "[T]he statute imposes a condition precedent to the

imposition of a maximum term of imprisonment of up to 40 years, specifically, that 'serious bodily injury' must have resulted from the attempted murder.  Otherwise, the sentence shall be not more than 20 years." ***Commonwealth v. Johnson***, 910 A.2d 60, 66 (Pa.Super. 2006), ***appeal denied***, 923 A.2d 1173 (Pa. 2007).  Barnes concludes that the sentence imposed is illegal under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), wherein the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Id.*** at 490.  Barnes notes that the docket sheet does not show that he was charged with criminal attempt resulting in serious bodily injury; nor does the verdict sheet in this case mention serious bodily injury with respect to the attempted homicide charge.  Barnes also contends that the jury instruction does not contain any instruction as to making a finding of whether serious bodily injury resulted from the criminal attempt; rather, the instruction referenced aggravated assault.  His argument suggests a finding cannot be implied by virtue of the fact that the jury found him guilty of aggravated assault and the court instructed the jury on serious bodily injury.

Barnes' claim involves the legality of the sentence. ***Commonwealth v. Aponte***, 855 A.2d 800, 802 n.1 (Pa. 2004).  "Issues relating to the legality of a sentence are questions of law . . . Our standard of review over

such questions is **de novo** and our scope of review is plenary." **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa.Super. 2009) (citation omitted).

We agree with Barnes that the failure of the jury to render a separate finding regarding serious bodily injury requires that we vacate the conviction and remand for resentencing. We find support for our conclusion in **Johnson**, **supra**. In **Johnson**, this court held that a defendant convicted of attempted murder and aggravated assault was sentenced illegally where the jury did not determine that serious bodily injury occurred relative to the attempted murder charge. The trial court therein concluded that serious bodily injury was proven because the jury convicted the defendant of aggravated assault causing serious bodily injury. The **Johnson** court found that the jury's consideration of serious bodily injury for the aggravated assault count was not relevant to the attempted murder conviction.

Relying on **Apprendi**, **supra**, the **Johnson** court held that it was not the prerogative of the trial court but solely the responsibility of the jury to find, beyond a reasonable doubt, whether a serious bodily injury resulted from the attempted murder. The court held that to sentence a defendant to a maximum term of incarceration of 40 years for attempted murder, the jury must determine that the Commonwealth proved serious bodily injury as it specifically pertained to the attempted murder charge.

Instantly, as in **Johnson**, "the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder." **Johnson**, **supra** at 67 (footnote omitted). Thus, we are constrained to vacate the sentence on this count and remand for resentencing.

Barnes next contends that the trial court erred by sentencing him to a more severe sentence for kidnapping on remand than his original sentence. He avers that such action results in a presumption of vindictiveness. (Barnes' brief at 26.)

"Challenges to the discretionary aspect of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [This court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** (citation omitted).

Instantly, Barnes filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his appellate brief a separate

Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspect of a sentence. We will proceed to determine whether a substantial question has been presented for our review. Challenges to the length of the sentence following resentencing, citing judicial vindictiveness, implicate a discretionary aspect of the sentencing process. *See Commonwealth v. Tapp*, 997 A.2d 1201, 1202-1203 (Pa.Super. 2010); *Commonwealth v. Robinson*, 931 A.2d 15, 20-21 (Pa.Super. 2007) (*en banc*). Accordingly, we grant review of Barnes' claim.

When a due process violation is raised regarding resentencing, this court must satisfy itself that an increase in a sentence is not the result of judicial vindictiveness. *See Commonwealth v. Walker*, 568 A.2d 201 (Pa.Super. 1989), *disapproved of on other grounds by Robinson*, *supra*.[2] In *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), the United States Supreme Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may

---

[2] *Walker* and prior cases had held that a claim of judicial vindictiveness in resentencing was a challenge to the legality of the sentence that could be raised as a matter of right. In *Robinson*, *supra*, an *en banc* panel of this court held claims of judicial vindictiveness in sentencing, and any due process concerns arising therefrom, implicate discretionary aspects of sentence.

unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 725-726 (footnote omitted). While **Pearce** dealt with an increased sentence following the grant of a new trial, this court held that the same rationale applies where the original sentence is vacated and the second sentence is imposed without an additional trial. *See Commonwealth v. Greer*, 554 A.2d 980, 987 n.7 (Pa.Super. 1989).[3] Absent evidence an increase in a sentence is justified due to objective information concerning the case, the presumption of vindictiveness cannot be rebutted. *Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa.Super. 1999).

---

[3] We disagree with the trial court that the instant case is distinguishable from **Pearce** based on the fact that appellant did not proceed to a new trial but rather was resentenced after this court found a sentencing error. (Trial court opinion, 5/12/14 at 4.)

Barnes was originally sentenced on the kidnapping conviction to a consecutive term of 2½ to 5 years of incarceration; after remand, the conviction of aggravated assault merged with the attempted homicide conviction and the kidnapping sentence was doubled to a consecutive five to ten years of imprisonment. In its opinion, the trial court explained that it "merely maintained its original sentencing structure by increasing the kidnapping [sentence] when the aggravated assault charge merged into the criminal attempt charge. In doing so, the court was able to maintain the original sentence." (Trial court opinion, 5/12/14 at 4.)

We find Barnes' argument that he received an enhanced sentence to be questionable. Barnes' argument requires us to only look at one part of his new sentence and compare it to one part of his old sentence without examining the overall sentencing scheme of both the new and old sentences. Barnes fails to note the trial court's overall sentencing scheme. Before his successful appeal, his aggregate sentence was 25 to 50 years' imprisonment; after his successful appeal, the trial court resentenced Barnes to this very sentence. Accordingly, he was not the victim of a vindictive sentence on the part of the trial court. *See Commonwealth v. Vanderlin*, 580 A.2d 820 (Pa.Super. 1990) (recognizing authority of the trial court, after reducing sentence on one count to accord with the law, to impose greater sentence on another count in order to insure appellant remained in prison for a certain length of time); *Commonwealth v. Grispino*, 521 A.2d 950

(Pa.Super. 1987) (noting that trial court does not violate double jeopardy principles by increasing sentence on remand where aggregate term is not increased).

In the third issue, Barnes states that the trial court abused its discretion when it resentenced him as it failed to provide a statement in open court of the reasons for the sentence imposed. Due to the disposition of appellant's first claim, we need not address this issue. However, we remind the trial court that "[r]eimposing a judgment of sentence should not be a mechanical exercise." ***Commonwealth v. Losch***, 535 A.2d 115 (Pa.Super. 1987). When a sentence is vacated and the case remanded for resentencing, the sentencing judge should start afresh; the requirement to state reasons for the imposition of sentence applies both to the original sentencing hearing and to all subsequent resentencing hearings. ***Id.*** at 123 n.9.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Stabile, J. joins the Memorandum.

Shogan, J. files a Dissenting Memorandum.

J. A34012/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016