J-S52043-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
         Appellee            :
:
            v.              :
:
KWAME LAMAR BARNES,         :
:
         Appellant        :   No. 279 MDA 2018

Appeal from the Judgment of Sentence October 18, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000426-2011

BEFORE:   BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:      **FILED OCTOBER 29, 2018**

Kwame Lamar Barnes (Appellant) appeals from the October 18, 2017

judgment of sentence of an aggregate term of 20 to 40 years of incarceration,

after being convicted by a jury of attempted murder, aggravated assault,

kidnapping, and recklessly endangering another person (REAP). We affirm.

This Court has summarized the facts of this case as follows.

> On December 19, 2010, the victim, who was sixteen at the time
> of trial, was sleeping alone at her mother's home in Steelton when
> she received a text message from Appellant, her ex-boyfriend[,
> who was eighteen years old at the time]. Although they were no
> longer dating, the victim and Appellant still had an amicable
> relationship. Appellant indicated in the text message that he was
> at the back door of the residence and the victim allowed Appellant
> to enter the home. The victim and Appellant went upstairs to the
> victim's bedroom where they talked, engaged in sexual
> intercourse, and then talked again. They then had an argument.
> The victim asked Appellant to leave and she escorted him
> downstairs to the back door. Prior to leaving, Appellant threatened
> to hit the victim with a vacuum.  Subsequently, Appellant
> strangled the victim from behind by using his arm. She lost
> consciousness. When she regained consciousness, Appellant said

---

* Retired Senior Judge assigned to the Superior Court.

to the victim, "you're gonna die today," and proceeded to strangle her again until she lost consciousness a second time. When the victim finally regained consciousness, she was wrapped in a blanket and lying head-first in a recycling dumpster under the State Street Bridge. She eventually freed herself and managed to get to the side of a roadway, where the driver of a passing vehicle stopped and took her to the hospital. The victim suffered a broken vertebra in her neck, various facial injuries, a lacerated and swollen tongue, a large contusion to her right eye, and hypothermia.

On December 20, 2010, Appellant was charged with criminal attempt to commit homicide ("attempted murder"), aggravated assault, kidnapping, REAP, terroristic threats, and theft by unlawful taking. On February 28, 2012, at the conclusion of a jury trial, Appellant was found guilty of attempted murder, aggravated assault, kidnapping, and REAP. The jury found Appellant not guilty for the charge of terroristic threats. On May 18, 2012, Appellant was sentenced to a term of incarceration of 20 to 40 years for the conviction of attempted murder, a consecutive term of incarceration of 2½ to 5 years for his conviction of aggravated assault, and a consecutive term of incarceration of 2½ to 5 years for his conviction of kidnapping. The trial court imposed no additional sentence for the conviction of REAP. Appellant timely appealed to this Court. [This resulted in an aggregate sentence of 25 to 50 years of incarceration.]

On December 3, 2013, a panel of this Court ("2013 decision") determined that the convictions of aggravated assault and attempted homicide should have merged because the crimes arose from a single set of facts, *i.e.*, Appellant choked the victim to unconsciousness. Accordingly, the panel vacated the judgment of sentence, and remanded for resentencing. **Commonwealth v. Barnes**, [93 A.3d 497 (Pa. Super. 2013) (unpublished memorandum at 2-3)]. On January 30, 2014, upon remand, the trial court resentenced Appellant to 20 to 40 years' imprisonment for attempted murder and a consecutive term of incarceration of 5 to 10 years for the conviction of kidnapping. [Once again, this resulted in an aggregate sentence of 25 to 50 years of incarceration.] On February 5, 2014, Appellant filed a post-sentence motion, which the trial court denied on May 12, 2014.

*Commonwealth v. Barnes*, 167 A.3d 110, 114–15 (Pa. Super. 2017) (*en banc*) (citations to notes of testimony and footnotes omitted).

On appeal after re-sentencing, this Court again vacated Appellant's sentence. This Court considered whether the trial court's decision to impose

> a maximum term of imprisonment of 40 years for the offense of attempted murder in the absence of a jury finding of serious bodily injury … violates the United States Supreme Court's decision in *Apprendi*[ *v. New Jersey*, 530 U.S. 466 (2000)], wherein the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."

*Barnes*, 167 A.3d at 117. This Court concluded that "the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder." *Id*. at 122. Thus, this Court vacated Appellant's sentence for attempted murder and remanded for re-sentencing. *Id*.

Appellant was re-sentenced on October 18, 2017. At that hearing, the sentencing court heard testimony from Appellant's parents about Appellant's good conduct since being incarcerated. In addition, Appellant took the opportunity to tell the trial court about his accomplishments and changes since being in prison. The victim and her relatives also testified. The trial court recounted Appellant's crimes, pointing out that he "not only strangled [the victim], [he] beat her senseless, and then [he] strangled her again and left her for dead." N.T., 10/19/2017, at 30. Appellant was sentenced to 10 to 20

- 3 -

years of incarceration on the attempted murder charge and 10 to 20 years of incarceration on the kidnapping charge to run consecutively. *Id*.

Appellant timely filed a post-sentence motion, which was denied by the trial court. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the discretionary aspects of his sentence. In particular, Appellant argues that the trial court's quadrupling of his kidnapping sentence at resentencing was vindictive. Appellant's Brief at 4. We consider this issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> * * *

> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

- 4 -

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Instantly, Appellant has satisfied the first three requirements: he timely filed a notice of appeal, sought reconsideration of his sentence in a post-sentence motion, and his brief contains a Pa.R.A.P. 2119(f) statement. We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

"[I]t is settled that Appellant's claim that his sentence on remand was a product of vindictiveness presents a substantial question for our review. **See**

*Commonwealth v. Tapp*, 997 A.2d 1201, 1202–03 (Pa. Super. 2010) (noting that "alleging judicial vindictiveness ... constitute[s] a substantial question mandating appellate review")." *Barnes*, 167 A.3d at 123. Thus, we address the merits of Appellant's vindictiveness claim, by setting forth the following based upon the similar issue addressed in Appellant's prior appeal to this Court.

> When a due process violation is raised regarding resentencing, this court must satisfy itself that an increase in a sentence is not the result of judicial vindictiveness. In *North Carolina v. Pearce*, 395 U.S. 711 [] (1989), the United States Supreme Court remarked:
>
> > Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
> >
> > In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
>
> *Pearce*, 395 U.S. at 725–26 [] (footnote omitted) []. Although *Pearce* dealt with an increased sentence following the grant of a

new trial, we have held that ***Pearce's*** rationale for providing reasons on the record applies also when the original sentence is vacated and a second sentence is imposed without an additional trial. ***See Commonwealth v. Greer***, 554 A.2d 980, 987 n.7 ([Pa. Super.] 1983) (noting that ***Pearce*** applies to harsher sentence imposed by trial court after trial court granted post-trial request for resentencing). Thus, under ***Pearce***, whenever a trial court imposes upon a defendant a more severe sentence following resentencing, the reasons for such sentence must be made a part of the record. "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." ***Commonwealth v. Serrano***, 727 A.2d 1168, 1170 (Pa. Super. 1999).

Here, the trial court originally sentenced Appellant on the kidnapping conviction to a consecutive term of 2½ to 5 years of incarceration. On remand, however, the trial court was obligated to merge the offenses of aggravated assault with attempted homicide. In so doing, the trial court doubled the kidnapping sentence to a consecutive term of 5 to 10 years' imprisonment. In its opinion, the trial court explained that it "merely maintained its original sentencing structure by increasing the kidnapping [sentence] when the aggravated assault charge merged into the criminal attempt charge. In doing so, the [trial] court was able to maintain the original sentence." Trial Court Opinion, 5/12/14 at 4.

We find Appellant's argument that he received an enhanced sentence to be wanting. Appellant's argument requires us to look only at one part of his new sentence and compare it to one part of his old sentence without examining the overall sentencing scheme of both the new and old sentences. Appellant fails to note the trial court's overall sentencing scheme. Before his successful appeal in 2013, his aggregate sentence was 25 to 50 years' imprisonment. Thereafter, on remand, the trial court resentenced him to the same aggregate sentence. We have held that preserving the integrity of a prior sentencing scheme is a legitimate sentencing concern. ***See*** [***Commonwealth v.***] ***Walker***, 568 A.2d [201,] 205 [(Pa. Super. 1989)] ("Upon resentencing, a court has a valid interest in preserving the integrity of a prior sentencing scheme.") (citation omitted). Indeed, a trial court properly may resentence a defendant to the same aggregate sentence to preserve its original sentencing scheme. ***See Commonwealth v. Bartrug***, 732 A.2d 1287 (Pa.

Super. 1999) (noting a resentence of 7½ to 15 years for burglary was lawful after not receiving a sentence for burglary and having been given previously the same sentence for theft by unlawful taking) []. "[I]n most circumstances, a judge can duplicate the effect of the original sentencing plan by adjusting the sentences on various counts so that the aggregate punishment remains the same." *Walker*, 568 A.2d at 206. However, "[i]f a judge could have imposed the same aggregate sentence he handed down at the original sentencing hearing, and ... instead imposes a harsher aggregate sentence, the presumption of vindictiveness could not be rebutted by invoking the need to preserve the original sentencing plan." *Id*. In *Commonwealth v. McHale*, 924 A.2d 664, 667 (Pa. Super. 2007), *overruled in part on other grounds as stated in* *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007), we upheld the trial court's resentencing of the defendant when his conviction on the most serious charges, two counts of aggravated assault, previously had been reversed based on insufficient evidence. *McHale*, 924 A.2d at 673–74. After remand, to maintain the same total aggregate sentence as originally imposed, the trial court increased the overall sentence on the surviving counts. *Id*. at 667. Noting that the aggregate sentence remained unchanged, we upheld the new sentence. *Id*. at 674. In so doing, we noted:

> [O]ur conclusion is not altered by the fact that remand and resentencing were prompted by reversal of two of [the defendant's] convictions. ... Whether remand is the result of reversal of one or more convictions or vacation of an illegal sentence, we conclude that the trial court has the same discretion and responsibilities in resentencing.

*Id*. at 673–74.

Appellant here was not the victim of a vindictive sentence on the part of the trial court, as his aggregate sentence after remand remained the same. Put differently, consistent with *Greer*, *Walker*, and *McHale*, the trial court's resentencing did not rise to vindictiveness because the trial court here sought to preserve the integrity of the original sentencing scheme by imposing the same aggregate sentence. *See Commonwealth v. Vanderlin*, [] 580 A.2d 820, 831 ([Pa. Super.] 1990) (recognizing authority of the trial court, after reducing sentence on one count to accord with the law, to impose greater sentence on another

count in order to insure appellant remained in prison for a certain length of time); ***Commonwealth v. Grispino***, 521 A.2d 950, 954 ([Pa. Super.] 1987) (noting that trial court does not violate double jeopardy principles by increasing sentence on remand where aggregate term is not increased) []. Accordingly, Appellant is not entitled to relief on his due process claim under ***Pearce***.

***Barnes***, 167 A.3d at 124-125.

Instantly, Appellant received an aggregate sentence of 20 to 40 years of incarceration following remand, which is actually less than either of his prior aggregate sentences. Again, Appellant asks this Court to look only at his kidnapping sentence without considering the sentence as a whole. We have not done so previously, and we will not do so now. Accordingly, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/29/2018</u>