492 A.2d 443

**COMMONWEALTH of Pennsylvania**

**v.**

**Patrick Eugene HOOVER, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1985.

Filed May 3, 1985.

Jerry L. Spangler, Assistant Public Defender, Somerset, for appellant.

David J. Flower, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before OLSZEWSKI, HESTER and SHIOMOS,* JJ.

* Judge Thomas N. Shiomos, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

OLSZEWSKI, Judge:

This appeal follows judgment of sentence for murder of the third degree, No. 339 Criminal 1983, and simple assault, No. 21 Criminal 1982. Appellant limits his challenge to an attack on the validity of his sentence at No. 339 Criminal 1983.

On December 29, 1983, appellant entered a plea of guilty to the charge of murder in the third degree. 18 Pa.C.S. Sec. 2502(c). The charge followed the brutal slaying of a young woman. Murder of the third degree, a felony of the first degree, is punishable by a fine not exceeding $25,000 and incarceration for not more than 20 years. 18 Pa.C.S. Sec. 1101 and Sec. 1103(1). Appellant received a sentence of 10 to 20 years incarceration.

Appellant argues that he was improperly sentenced within the aggravated minimum range of the Sentencing Guidelines. 42 Pa.C.S. Sec. 9721. Commonwealth counters that because the sentence falls within the minimum range of the Guidelines, *id.,* the question of whether or not aggravated circumstances justified sentencing in the aggravated range is moot. Like the blind men, both of them are right and both of them are wrong.

To resolve the issue of the propriety of appellant's sentence, we must first decide the underlying dispute. The dispute arises because the minimum and aggravated minimum sentencing ranges overlap. Under the Sentencing Guidelines, the upper bound of the minimum range forms the lower bound of the aggravated minimum range. *See* 204 Pa.Code Sec. 309.9. Appellant's sentence, a minimum of 10 years, falls on the cusp.

The lower court assumed the sentence belonged in the aggravated minimum range. The Code is silent on this point. Caselaw and the Sentencing Commission offer little help. Absent some clear statement by the legislature, we presume that a sentence at the bound of the minimum and aggravated minimum ranges belongs in the higher range.

A presumption that the sentence belongs in the aggravated minimum range forces the trial judge either to assert the contrary or to state on record what aggravating circumstances occasioned his choice. 204 Pa.Code 303.3. By forcing the trial judge to make explicit his decision, we further the policy of accountability inherent in the Sentencing Code. *See* 42 Pa.C.S. Sec. 9701 *et seq.*

In the case at bar, the sentencing judge made explicit findings of aggravating circumstances. He looked first to the nature of the crime. Appellant had beaten his victim with a broken mile marker, gouged her with a Phillips screwdriver and kicked her about the head and chest with his work shoes. The sentencing judge looked further to appellant's statements that he (appellant) had considered sending aid but decided against it.

■ Section 303.3 of the Sentencing Guidelines provides only that the trial judge state on record his reasons for sentencing in the aggravated range; it fails to offer instruction or guidance as to what constitutes sufficient reason for sentencing in the aggravated range. Further, Pennsylvania decisional law is also silent on this point. Mindful of our traditional deference to the sentencing judge's discretion, our court has recently adopted a three-part analysis. First, a sentencing judge may consider any legal factor in deciding whether a defendant should be sentenced within the aggravated range. Second, the sentencing judge's statement of reasons on record must reflect this consideration. Finally, the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230 (1985).

■ Applying that standard to the case at bar, we find no reason to disturb appellant's sentence. Appellant argues that he should not have been sentenced in the aggravated range because the interaction of the alcohol he consumed that night with his severe mental handicaps effectively deprived him of the power of logical thinking. He points to

the absence of any substantial criminal record and to the existence of some nine psychiatric disorders. We are satisfied that the trial court considered and properly weighed appellant's claims. *See Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978).

With respect to appellant's remaining claim, the lower court did determine that the Deadly Weapon enhancement, 204 Pa.Code Sec. 303.4(a), was applicable. Appellant argues that a screwdriver and a roadsign do not fit the statutory definition of "deadly weapon." 18 Pa.C.S. Sec. 2301. We need not, however, reach that issue. The sentence without the weapon enhancement had already reached the statutory maximum. The question is moot.

Judgment affirmed.