J-A21044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSH ALLEN TOEPEL | : | |
| | : | |
| Appellant | : | No. 3831 EDA 2016 |

Appeal from the Judgment of Sentence October 20, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003288-2015

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.                   Filed: January 2, 2019

Josh Allen Toepel appeals from the judgment of sentence entered following his convictions for possession of drug paraphernalia and driving under the influence ("DUI").[1] Toepel argues that (1) his DUI sentence cannot stand because the court imposed an increased penalty based on Toepel's refusal of blood testing, and (2) his sentence for possession of drug paraphernalia is excessive. We affirm.

The Pennsylvania State Police arrested Toepel on DUI charges on December 13, 2014, and recovered items of drug paraphernalia from his jacket during the arrest. The police transported Toepel to a hospital and read him the **O'Connell** warnings,[2] advising him that a refusal to submit his blood

---

[1] **See** 35 P.S. § 780-113(a)(32) and 75 Pa.C.S.A. § 3802(a)(1), respectively.

[2] **See Commonwealth, Dep't of Transp. v. O'Connell**, 555 A.2d 873 (Pa. 1989).

to chemical testing could result in increased criminal penalties. Toepel refused to submit to blood testing. The items recovered from Toepel's jacket (including a straw, a rolled up one dollar bill, and a clear baggie, each with white residue inside) tested positive for the presence of methamphetamine.

The Commonwealth charged Toepel with the above-listed offenses. In connection with his DUI charge, the bills of information specified that it was Toepel's second violation of the DUI statute and that the Commonwealth sought mandatory sentencing under 75 Pa.C.S.A. § 3804(c) for Toepel's refusal to submit to blood testing. Following a two-day trial in April 2016, a jury convicted Toepel of both DUI and possession of drug paraphernalia. The jury also affirmatively found that Toepel refused blood testing.

While Toepel awaited sentencing, the United States Supreme Court decided *Birchfield v. North Dakota*, 136 S. Ct. 2160 (June 23, 2016), wherein the Court held that criminal penalties could not be imposed for refusing to submit to a warrantless blood test. *Id.* at 2186. The next month, at his sentencing hearing, Toepel made an oral motion challenging the imposition of an increased penalty to his case, in light of the *Birchfield* decision. The court continued the hearing, but ultimately denied Toepel's motion, and imposed sentence on October 20, 2016. Toepel filed a timely post-sentence motion and appeal, and the court stayed Toepel's sentence pending the appeal.

Toepel raises the following issues:

I.    The trial court erred by increasing the grading, mandatory minimum, and statutory maximum sentence on the charge of driving under the influence, solely based on a refusal to submit to chemical testing in light of the Supreme Court's holding in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016).

II.   The trial court erred by finding [Toepel] "waived" his right to assert the unconstitutionality of the increased criminal penalties based solely on a refusal, by not asserting the unconstitutionality of the increased criminal penalties prior to the announcement of the holding in **Birchfield** on June 23, 2016, but prior to the imposition of the judgment of sentence.

III.  The sentence on[]possession of drug paraphernalia was clearly excessive and manifestly unreasonable.

Toepel's Br. at i-ii.

## I. Toepel's DUI Sentence

In his first two issues, Toepel argues that the court violated the holding in **Birchfield** when it imposed a greater penalty due to Toepel's refusal of blood testing. Toepel's argument goes to the legality of his sentence, and thus our scope of review is plenary and our standard is *de novo*. **Commonwealth v. Ramos**, ---A.3d----, 2018 PA Super 274 (Oct. 10, 2018).

At the time of Toepel's sentencing, the Motor Vehicle Code provided that an offender faced greater penalties at sentencing if he or she had refused blood testing in connection with a conviction under section 3802(a)(1).[3] As it

_____

[3] This section states that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient

- 3 -

relates to the case at hand, the Code provided that a violation of section 3802(a)(1) by a person who had one or more prior DUI offenses and who refused blood testing was to be classified as a first-degree misdemeanor. ***See*** § 3803(b)(4) (2014).[4] This exposed an offender to a maximum sentence of five years' incarceration. ***See*** 18 Pa.C.S.A. § 106(b)(6), (e). Moreover, a second violation of section 3802(a)(1), with refusal, subjected the offender to a mandatory minimum sentence of 90 days' imprisonment. ***See*** 18 Pa.C.S.A. § 3804(c)(2)(i) (2012).[5] In contrast, the Code provided and still provides that when a person is convicted for violating section 3802(a)(1) of the Motor Vehicle Code for the second time, the offense is classified as an ungraded misdemeanor, and the offender is subject to a mandatory minimum of five days' imprisonment, with a maximum exposure of six months' imprisonment. ***See*** 75 Pa.C.S.A. §§ 3803(a)(1), 3804(a)(2)(i).

Prior to Toepel's sentencing, ***Birchfield*** announced that enhanced penalties for refusal were unconstitutional. This Court has accordingly held that "a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§

─────────────────────

amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1).

[4] Post-***Birchfield*** amendments to this section removing the enhanced penalties for refusing blood testing go into effect on or about December 23, 2018.

[5] Post-***Birchfield*** amendments to this section removing enhanced penalties for blood testing refusal went into effect in 2017.

3803–3804." ***Commonwealth v. Giron***, 155 A.3d 635, 636–37 (Pa.Super. 2017). Toepel thus argues that the court erred in applying the enhanced penalties. The trial court found that Toepel had waived the issue by failing to raise it prior to or during trial, and concluded any application of ***Birchfield*** to Toepel's sentence would be impermissibly retroactive. ***See*** Trial Court Opinion, filed October 19, 2017, at 10-11, 14-21.

A challenge to the application of increased penalties attacks the legality of the sentence, and is therefore non-waivable. The defendant may raise it for the first time on direct review, and even an appellate court may bring it up *sua sponte*. ***See Giron***, 155 A.3d at 638 (raising impact of ***Birchfield*** on defendant's sentence *sua sponte*, where ***Birchfield*** was decided after sentencing but before conclusion of direct review); ***see also Commonwealth v. Kehr***, 180 A.3d 754, 759 n.2 (Pa.Super. 2018) (stating that ***Birchfield*** raises question regarding legality of sentence in cases where the defendant received an increased punishment due to refusal); ***Commonwealth v. Monarch***, 165 A.3d 945, 952 n.3 (finding ***Birchfield***'s application to defendant's sentence not waived by defendant's failure to lodge timely objection) (Pa.Super. 2017), *appeal granted in part*, 179 A.3d 3 (Pa. 2018).

The Commonwealth, however, argues that ***Birchfield*** has no bearing on Toepel's case because the trial court did not actually apply a mandatory minimum 90 days' incarceration, it graded the offense as an ungraded misdemeanor, and it did not exceed the six-month maximum sentence for an ungraded misdemeanor. ***See*** Commonwealth's Br. at 13-16. As Toepel

acknowledges in his reply brief, there are discrepancies between the sentencing disposition sheet issued by the court and the sentence pronounced in open court.

At sentencing, the trial court stated on the record that Toepel's offense was a misdemeanor of the first degree. It then sentenced him, according to the transcript of the sentencing proceeding, to a total of 90 days to five years' incarceration, with the first 45 days to be served in prison, with work release eligibility; the second 45 days were to be served on house arrest, also with work release eligibility. *See* N.T., 10/20/16, at 27. *Id.*

However, the written sentencing order tells a different story. According to the written order, for his DUI conviction, the court treated Toepel's DUI conviction as an ungraded misdemeanor, and sentenced him for that conviction to 45 days of imprisonment[6] followed by 90 days of county intermediate punishment, the first 45 days of which are to be served under house arrest in a Restrictive Intermediate Punishment Program. *See* Sentencing Order, 10/20/16, at 2.

Thus, according to the transcript, the court imposed the enhanced penalty; according to the written sentencing order, it did not.

Although the trial court's Rule 1925(a) opinion is not determinative of which sentence it imposed, we note that in the opinion the trial court

---

[6] *See* 42 Pa.C.S.A. § 9756(c.1) (authorizing court to impose a flat term of imprisonment without parole for up to 90 days when the period of confinement is followed immediately by a period of county intermediate punishment).

repeatedly states that it did not increase Toepel's sentence based on his refusal of blood testing. *See* Trial Ct. Op. at 17, 19, 22-24. And, although the trial court opinion gives inconsistent versions of Toepel's sentence, none of the versions included a 90-day minimum term of incarceration. *Compare* Trial Ct. Op. at 1, 19, 23 (stating that the court sentenced Toepel to 90 days of intermediate punishment, including an initial 45 days of incarceration and a latter 45 days of house arrest), *with id.* at 17 (stating that court sentenced Toepel to 45 days of imprisonment followed by 45 days of house arrest), *and id.* at 10 (stating that court sentenced Toepel to 45 days of imprisonment *and* 90 days of intermediate punishment, including an initial 45 days of imprisonment). The court states that if we were to remand this matter with instructions not to apply the pre-*Birchfield* enhancement, it would impose the "same" sentence, as it is within statutory limits. *Id.* at 22-23.

When the court's on-the-record statements about the sentence imposed conflict with the court's written sentencing order, the written order controls. *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013). Toepel's sentence set forth in the written sentencing order did not apply the invalid portions of sections 3803 or 3804 based on his refusal of blood testing. Toepel's argument that his sentence is illegal under *Birchfield* is therefore meritless.

## II. Toepel's Paraphernalia Sentence

In his third issue, Toepel argues that we should vacate his sentence for possession of drug paraphernalia because the trial court misapplied the

Sentencing Guidelines. *See* Toepel's Br. at 10-11. Toepel claims that while the court purported to sentence him within the standard Guidelines range, his sentence actually fell outside the Guidelines, and the court gave no "proper" justification for sentencing him outside the Guidelines. *Id.* at 11. He also asserts that his sentence was unduly harsh and excessive. *Id.* Toepel contends that the only aggravating factor mentioned by the court in imposing sentence was his driving record, which was unrelated to his drug paraphernalia conviction. *Id.* at 28.

The right to appeal the discretionary aspects of a sentence is not absolute. *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super. 2004). Before we review the merits of Toepel's claim, we must determine whether (1) the appeal is timely, (2) "the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720," (3) Toepel has included in his brief a concise statement of the reasons relied upon for allowance of appeal, and (4) "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]" *Commonwealth v. Heaster*, 171 A.3d 268, 271-72 (Pa.Super. 2017*), appeal denied*, 181 A.3d 1078 (Pa. 2018).

Toepel's appeal is timely; he has preserved his issue in a post-sentence motion;[7] and he has included a Rule 2119(f) statement. A claim that the trial

_____

[7] The only portion of his argument that he failed to preserve is his claim that the aggravated-range sentence resulted from the court's misunderstanding

court failed to state its reasoning for imposing a sentence outside the Guidelines presents a substantial question. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa.Super. 2014). Likewise, "[a] claim that the sentencing court misapplied the [G]uidelines presents a substantial question." ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa.Super. 1998). We therefore review the merits of Toepel's claim.

The parties agree that the standard range of the Guidelines called for a minimum sentence falling between restorative sanctions and two months' confinement. The court imposed a sentence of 90 days to one year of confinement, and made Toepel eligible for house arrest after the first 45 days. A sentence of confinement with immediate parole to house arrest, as opposed to a sentence of house arrest imposed as a form of intermediate punishment, is considered a sentence of confinement for purposes of the Sentencing Guidelines. ***See Commonwealth v. McIntosh***, 911 A.2d 513, 520 & n.10 (Pa.Super. 2006), *rev'd in part on other grounds*, 922 A.2d 873 (Pa. 2007). Therefore, even though the court made Toepel eligible for parole to house arrest after 45 days, Toepel's minimum sentence for guidelines purposes is 90 days' confinement, which exceeds the upper end of standard range. However, Toepel is incorrect in his repeated assertions that the sentence falls outside of the Sentencing Guidelines. The aggravated range of the Sentencing Guidelines

_____

that the Guidelines range extends to two years, rather than two months. ***See*** Trial Ct. Op. at 25 n.16, 26 (stating that the standard guidelines range was restorative sanctions to two years).

extends to five months' minimum confinement, and Toepel's sentence falls within that aggravated Guidelines range. *See* 204 Pa.Code. § 303.16(a).

As with an above-the-Guidelines sentence, a court must state its reasons for imposing an aggravated sentence, and a claim that it failed to do so raises a substantial question *See* 204 Pa. Code § 303.13(c); *Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa.Super. 2006). However, the decision to sentence within the aggravated range "will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Hoover*, 492 A.2d 443, 444 (Pa.Super. 1985).

The court explained its sentencing decision as follows at sentencing:

> It is always frustrating to the Court when people come in asking the Court to think about their children and their family at the time of sentencing when you, sir, quite frankly should have been thinking of them at the time you committed this crime. You risked hurting yourself and hurting someone else and perhaps being away from your family for a very long time by your actions.
>
> This is not an action that is a one-time mistake but one that dates back to 1996 that quite frankly you should have learned from by now.
>
> While there is no negative inference to your wife or her employment, []it is incredibly frustrating that you would try to use your wife's good work at the time you got arrested for this, to try to get out of trouble with the police [when] you said repeatedly, ["]Do you know who my wife is[?] Do you know who my wife is[?"]
>
> It doesn't matter who your wife is. You shouldn't be driving under the influence of anything; and to use methamphetamine while you have a child at home, to drive under the influence while you have a child at home, it is great that she is a daddy's girl, but daddy might not be there anymore for her when you kill someone else or kill yourself as a result of this.

- 10 -

You not only have three prior DUI's, which should educate you on why this is a bad choice, but you have twenty-eight traffic violations dating back to 1996. **The court considers that an aggravating factor in this case.**

N.T., 10/20/16, at 25-27 (emphasis added).

We find no abuse of discretion in the trial court's sentence, or its reasons for the sentence it imposed. Toepel's drug use is intertwined with his driving history and his DUI violations. Moreover, the court did not state that it was sentencing Toepel in the standard range; rather, the court explicitly found an aggravating factor in the case. As Toepel's sentence falls within the aggravated range and the trial court stated sufficient reasons to justify the aggravated sentence, we affirm.

Judgement of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 1/2/2019